IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK07-80518-TJM |
| ) | A07-8051-TJM |
| LARRY D. THOMAS, ) | |
| ) | CH. 7 |
| Debtor(s) ) | |
| ) | |
| MEMBERS ONLY EZ LEASING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LARRY D. THOMAS, ) | |
| ) | |
| Defendant. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on March 17, 2008, regarding Filing No. 50, Motion to Compel, filed by plaintiff. David Koukol and Karisa Johnson appeared for the plaintiff and Brian Roberts appeared for defendant/debtor.

Counsel for the plaintiff served a request for production of documents and a set of interrogatories on defendant Thomas. When the responses were filed by Mr. Thomas, they were incomplete, as well as significantly late. In addition, the defendant's response to the second set of interrogatories was unverified, although verified responses are required by the Federal Rules of Civil Procedure.

Counsel for the plaintiff, although having notified counsel for the defendant of the deficiencies in the responses, has not received any amended responses. He has filed this motion to compel which was set for hearing and oral argument.

Defendant has admitted in a deposition that he, through his wholly owned corporation, does have records which would enable him to complete his responses, but those records are held in a storage facility to which he does not have access because he has not paid the rent. Neither in the deposition nor at the hearing on the motion to compel was the location of the storage facility provided nor the total amount of rent that must be paid in order to get access. The defendant's position apparently is that he does not have the funds available to pay the rent and if the plaintiff wants to get into the building where the records are stored, the plaintiff, through counsel, should make whatever arrangements are appropriate, enter the facility and review the documents. Plaintiff is not required to do that. It is the defendant's duty to collect and review the records which will enable him to properly respond to discovery requests. It is not the duty of the plaintiff to search through defendant's business files to find the documents that may be responsive to the discovery requests.

The defendant admits that he has digital pictures of the fishing lures which he now claims are not owned by him, but by his corporation. He was selling the fishing lures on eBay in his own name and provided the eBay system with digital pictures. The discovery request specifically asked for copies of the pictures, but none were forthcoming and no response explaining the failure to provide them has been made.

      The defendant has refused to tell the plaintiff exactly which fishing lures are still in his or his corporation's possession. Instead, he refers plaintiff to the eBay records of what has been sold.

      The defendant has been requested to identify his assets, but he refuses to do so on the basis that the plaintiff does not yet have a judgment and so it has no right to request such information. The defendant is incorrect. The defendant is a debtor in a Chapter 7 bankruptcy case. This lawsuit concerns a request for determination of non-dischargeability of a debt. However, it also concerns the fact that the debtor was selling the fishing lures post-petition, in his own name, even though he did not list them as assets on his bankruptcy schedules. He has provided no documentary information which could be used to support his position that he is not the owner of the lures. The plaintiff, and this court, have a right to infer that he failed to list all of his assets, including the fishing lures, when he filed the bankruptcy case. If he failed to include the fishing lures, he may have failed to include other items of value and so, he should be required to provide information about his assets to the plaintiff.

      Because the funds used to pay defendant's attorney may have originated from the sale of the fishing lures or other assets, and therefore may be property of the bankruptcy estate, plaintiff requested information about the source of the funds paid to the attorneys and the amount. Defendant refused to answer and counsel argued at the hearing that such information is irrelevant. Under the circumstances of this case, such information is not irrelevant and it certainly is not privileged. If defendant's attorneys were paid from property of the estate or proceeds from the sale of property of the estate, the plaintiff, which has a claim in excess of $200,000, has a right to know the amount paid the law firm.

      The case law in this jurisdiction is clear concerning all of the above matters. See <u>United States v. Sindel</u>, 53 F.3d 874 (8th Cir. 1995) (attorney-client privilege ordinarily does not apply to fee information); <u>Wagner v. Dryvit Sys., Inc.</u>, 208 F.R.D. 606 (D. Neb. 2001) (providing false or incomplete discovery responses violates Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions); <u>Healthcare Mgmt. Solutions, Inc. v. Hartle</u>, 2007 WL 1726585 (D. Neb. June 13, 2007) (requested documents are within the defendant's possession, custody, or control if he has actual possession, custody or control, or the legal right to obtain the documents on demand).

      IT IS ORDERED that the motion to compel (Fil. #50) is granted. The defendant is ordered to respond completely to the request for production and the interrogatories. Responses shall be provided to counsel for the plaintiff no later than April 21, 2008. Failure to comply shall result in sanctions, which may include finding that the fishing lures in question are property of the bankruptcy estate, the defendant intentionally omitted such property from his schedules, and denial of the discharge under § 727.

      DATED:      April 1, 2008

                                    BY THE COURT:

                                    /s/ Timothy J. Mahoney
                                    Chief Judge

Notice given by the Court to:
      David Koukol
      Karisa Johnson
      Brian Roberts
Movant (*) is responsible for giving notice to parties not listed above if required by rule or statute.